UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT LEE SAMULAK,

    Plaintiff,

v.

CARINGTON MORTGAGE SERVICES, LLC, et al.,

    Defendants.
_____/

Case No. 2:16-cv-11229

HONORABLE STEPHEN J. MURPHY, III

MAGISTRATE STEPHANIE DAWKINS DAVIS

**ORDER OVERRULING OBJECTIONS [44],
ADOPTING REPORT AND RECOMMENDATION [43], AND
GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS [31]**

In an effort to stop the foreclosure sale of his deceased parents' home, Plaintiff Robert Lee Samulak filed an action alleging violations of (1) the Racketeering Influenced and Corrupt Organization Act, 18 U.S.C. §§ 1961–68; (2) the Dodd-Frank Wall Street Reform and Consumer Protection Act; and (3) Michigan Court Rule 2.112(B)(1). The Court referred the matter to the magistrate judge. ECF 18. Defendants Carington Mortgage Services, LLC and Mortgage Electronic Registration Service, Inc. filed a Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c). ECF 31. The magistrate judge issued a Report and Recommendation ("Report") suggesting the Court grant Defendants' motion and dismiss Plaintiff's claims with prejudice. ECF 43. Plaintiff then filed timely objections. ECF 44. Having examined the record and considered the objections de novo, the Court will overrule the objections, adopt the Report, grant Defendants' Motion for Judgment on the Pleadings, and dismiss the complaint.

**BACKGROUND**

The Report properly details the events giving rise to Plaintiff's action. ECF 43, PgID 635–39. The Court will adopt that portion of the Report.

**STANDARD OF REVIEW**

Civil Rule 72(b) governs the review of a magistrate judge's report. A district court's standard of review depends upon whether a party files objections. The Court need not undertake any review of portions of a Report to which no party has objected. *Thomas v. Arn*, 474 U.S. 140, 153 (1985). De novo review is required, however, if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). In conducting a de novo review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

**DISCUSSION**

I.  Plaintiff's Claims are Barred by Res Judicata

Plaintiff objects to the magistrate judge's determination that res judicata bars his claims. Obj. 11, ECF 44, PgID 667. Plaintiff's principal argument is that all claims and issues have not been fully adjudicated on the merits. Plaintiff's Objection No. 11 is overruled.

The original adjudication occurred in a federal bankruptcy court, so federal law governs its preclusive effect. *Hamilton's Bogarts, Inc. v. Michigan*, 501 F.3d 644, 650 (6th Cir. 2007) (preclusive effect of a judgment issued by a federal court is governed by federal law). Under federal law, res judicata applies "when (1) there is a final decision on the merits of the first action by a court of competent jurisdiction; (2) the second action involves the

same parties, or their privies, as the first; (3) the second action raises an issue actually litigated or which should have been litigated in the first action; and (4) there is identity of claims." *Walker v. Gen. Tel. Co.*, 25 F. App'x 332, 336 (6th Cir. 2001) (citing *Sanders Confectionery Prod., Inc. v. Heller Fin., Inc.*, 973 F.2d 474, 480 (6th Cir. 1992)). Once res judicata is established, it "extinguishes all rights of the plaintiff to remedies against the defendant with respect to all or any part o[f] the transaction, or series of connected transaction, out of which the action arose." *Walker,* 25 F. App'x at 336 (quoting *J.Z.G. Res., Inc. v. Shelby Ins. Co.*, 84 F.3d 211, 215 (6th Cir. 1996)).

Res judicata applies here, and Plaintiff's claims are barred. The Court will address each element in turn.

A. There was a final decision on the merits.

The record shows that Plaintiff brought an adversary complaint in a federal bankruptcy court challenging the promissory note, mortgage, and foreclosure at issue here. ECF 31-11. After oral argument, the bankruptcy court filed an order dismissing the complaint "in its entirety and with prejudice." ECF 31-12, PgID 367. The order was a final order[1] on the merits by a court of competent jurisdiction for purposes of res judicata. *See Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 578 (6th Cir. 2008); *In re John Richards Homes Bldg. Co., L.L.C.*, 405 B.R. 192, 227 (E.D. Mich. 2009).

B. The bankruptcy court's decision pertained to the same parties.

---

[1] Plaintiff asserts that there is a pending Motion for Relief on this order, ECF 44, PgID 667, but he is incorrect. The Court reviewed the bankruptcy court's docket, and there are no such motions filed after the bankruptcy court granted the defendant's motion to dismiss. *See* Adversary Proceeding 16-04944. In the lead bankruptcy docket, Plaintiff filed a Motion to Vacate Judgment. Bankruptcy Petition 16-51819, ECF 44. That motion, however, pertains to an Order on Motion for Relief from Stay that is distinct from the order at issue here.

3

Plaintiff and Defendant Carington Mortgage Services LLC were both parties to the adversary complaint in the bankruptcy proceedings. ECF 31-12, PgID 367. Defendant Mortgage Electronic Registration Systems, Inc., as nominee to the underlying mortgage, is in privity with Defendant Carington Mortgage Services LLC. *See* ECF 31-2; *Adelson v. Ocwen Fin. Corp.*, No. 07-13142, 2017 WL 927619, at *9 (E.D. Mich. Feb. 16, 2017) (citing *Kimball v. Orlans Assocs. P.C.*, 651 F. App'x 477, 481 (6th Cir. 2016)), report and recommendation adopted, No. 07-13142, 2017 WL 1148922 (E.D. Mich. Mar. 28, 2017).

C. The issues were actually litigated.

Plaintiff's adversary complaint sought to determine his interest in the same residential real estate at issue here. ECF 31-11, PgID 355. In the complaint, Plaintiff, *inter alia*, challenged Defendant's right to enforce the promissory note, ECF 31-11, PgID 358, sought to prevent foreclosure, *id.* at 362, requested declaratory judgment as to whether Defendant had a valid claim on the underlying loan, *id.* at 359, and prayed for "[a]ny and all other remedies appropriate and necessary," *id.* at 362. Defendant then moved to dismiss the complaint, and the bankruptcy court, after hearing oral argument and weighing the issues,[2] decided to dismiss the complaint "in its entirety and with prejudice." ECF 31-12, PgID 367.

D. There is an identity of claims.

Identity of claims exist "where the facts and events creating the right of action and the evidence necessary to sustain each claim are the same." *Heike v. Central Michigan Univ. Bd. of Tr.*, 573 F. App'x 476, 483 (6th Cir. 2014). Analysis of identity largely turns on the

---

[2] Although Plaintiff asserts the dismissal was based on a technicality, ECF 44, PgID 667, the order states that the bankruptcy court heard oral argument and provided a reasoned analysis on the record. ECF 31-12, PgID 367. Plaintiff may have waived his opportunity to file a written response, but that is not a technicality that precluded the bankruptcy court from making a decision on the merits.

factual overlap of the two claims. *United States v. Tohono O'Odham Nation*, 563 U.S. 307, 316 (2011). Here, the two claims pertain to the same piece of property, the same promissory note, the same mortgage, and the same foreclosure. There is substantial factual overlap, and thus, there is an identity of claims.

With all the elements of res judicata satisfied, the Court holds that Plaintiff's action is barred.

II.  Plaintiff's Remaining Objections

The rest of Plaintiff's objections are irrelevant because res judicata, as a threshold matter, extinguishes all of Plaintiff's rights against Defendants with respect to all or any part of the underlying transaction. *Walker*, 25 F. App'x at 336. That principle is true despite Plaintiff's attempts to allude to new evidence that might change the outcome of the case. *Saylor v. United States*, 315 F.3d 664, 668 (6th Cir. 2003). Therefore, Plaintiff's Objections Nos. 1–10 and 12–13 are overruled.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff's Objections [44] are **OVERRULED**, and the magistrate judge's Report and Recommendation [43] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Judgment on the Pleadings [31] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims are **DISMISSED WITH**

**PREJUDICE**.

This is a final order and closes the case.

**SO ORDERED**.

                                        s/Stephen J. Murphy, III
                                        STEPHEN J. MURPHY, III
                                        United States District Judge

Dated: September 14, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 14, 2017, by electronic and/or ordinary mail.

                                        s/Keisha Jackson
                                        for David Parker, Case Manager